UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARRELL WITHERS,                    )
                                    )
        Petitioner,                 )
                                    )
    vs.                             )        Case No. 4:16CV00891 ERW
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Marrell Withers' Motion to Correct

Sentence under 28 U.S.C. § 2255 [1].

## I.     BACKGROUND

On January 25, 2007, Petitioner Marrell Withers ("Petitioner) was indicted for the federal

offense of knowingly and intentionally possessing with intent to distribute in excess of five

grams of a mixture or substance containing a detectable amount of cocaine base in violation of

21 U.S.C. § 841(a)(1).[1] On July 3, 2007, Petitioner pled guilty to the charge as stated in the

indictment.

To determine Petitioner's sentence, the Court used the 2006 Guidelines Manual and

calculated Petitioner's base offense level at 26. His offense level was increased to 34 because he

was found to be a career offender. He received a three-level adjustment for acceptance of

responsibility. His total offense level was 31, and his criminal history category was VI. The

guideline range was 188 to 235 months. On September 14, 2007, the Court sentenced Petitioner

to a term of 158 months, and a four-year term of supervised release.

---

[1] Petitioner's criminal case is *United States v. Marrell Withers*, 4:07CR00066 ERW.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to correct his sentence asserting he is no longer a career offender in light of the Supreme Court's decision in *Johnson*. Petitioner's case was stayed pending a decision in *United States v. Beckles*, which the Supreme Court decided on March 6, 2017. 137 S. Ct. 886 (2017).

## II.  ANALYSIS

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. 2551. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). In *Beckles*, the Supreme Court held the United States Sentencing Guidelines, which use the same language the ACCA used and was determined to be unconstitutionally vague in *Johnson*, were not subject to a void for vagueness challenge, because they are advisory, not mandatory. 137 S. Ct. 886 (2017).

Petitioner asserts his sentence should be vacated, because his prior convictions for Burglary in the Second Degree and Aggravated Battery are no longer crimes of violence. In response, the Government argues Petitioner's motion must be denied because (1) Petitioner knowingly waived his right to file a § 2255 motion when he pled guilty, (2) his claim is time-barred and *Johnson* does not retroactively apply to advisory guidelines, (3) Petitioner's claim is procedurally defaulted, (4) his claim is not recognizable under § 2255, and (5) his claim is without merit pursuant to *Beckles*.

The Court will not address all of the procedural arguments raised by the Government in their brief, because Petitioner's claim is without merit after the Supreme Court's ruling in *Beckles*. Thus, even if the Court were to find in favor of Petitioner on all of the procedural

arguments, his claim would still fail. *Beckles* foreclosed Petitioner's argument; therefore, his motion must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Marrell Withers' Motion to Correct Sentence under 28 U.S.C. § 2255 [1] is **DENIED**.

So Ordered this 22nd day of March, 2018.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**